UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 08-67-HRW

GLENN FERGUSON,                                              PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits on March 23, 2005, alleging disability beginning on August 5, 2001, due to neck and shoulder problems (Tr. 78).

This application was denied initially and on reconsideration. On May 30, 2007, an administrative hearing was conducted by Administrative Law Judge

Larry Temin (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, George Parsons, a vocational expert (hereinafter "VE"), also testified, as did Plaintiff's nephew, Greg Bosley.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 8, 2007, the ALJ issued his decision finding that Plaintiff was

2

not disabled (Tr. 14-31).

Plaintiff was 46 years old at the time of the hearing decision (Tr. 30). In his application he noted that he educated through the eighth grade (Tr. 121) but reported to one medical source that he has an eleventh grade education (Tr. 184) and another source that he dropped out of high school in the eighth or ninth grade and attended a vocational school (Tr. 198). Nonetheless, the record establishes that he is functionally literate (Tr. 197-201, 349-384). His past relevant work experience consists of work as a dishwasher and janitor (Tr. 29).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since from the alleged onset date of disability through his date last insured of December 31, 2005 (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffered from cervical degenerative disc disease and spondylosis, minor lumbar degenerative changes, headaches, pain disorder, reading disorder and disorder of written expression, which he found to be "severe", in combination, within the meaning of the Regulations (Tr. 19-20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20-23). In doing so, the ALJ specifically considered listings 1.04, 12/05 and 12.07.

The ALJ further found that Plaintiff could not perform his past relevant work (Tr. 29) but determined that he has the residual functional capacity ("RFC") to perform a range of light work with certain limitations as set forth in the hearing decision (Tr. 23-29).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 30-31).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 28, 2008 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

4

conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because 1) the ALJ did not accord appropriate weight to the opinion of treating physician, Dr. John Kelly and 2) the ALJ did not properly evaluate the assessment of consultative examiner, Dr. David Roebker.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not accord appropriate

5

weight to the opinion of treating physician, Dr. John Kelly.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

The opinion upon which Plaintff relies is found in a single page evaluation, dated February 26, 2006, in which Dr. Kelly concludes that Plaintiff is severely limited in his ability to sit, stand, walk, lift, carry and use his hands for repetitive actions (Tr. 316). The ALJ declined to defer to Dr. Kelly, finding that his opinion lacked the support of objective clinical findings (Tr. 28).

The Court finds no error in the ALJ's consideration and ultimate rejection of the severe limitations suggested by Dr. Kelly. First, the evaluation was completed two months after Plaintiff's date last insured, thus calling into question its relevancy. In addition, the extreme limitations set forth therein are not consistent with Dr. Kelly's treatment notes, which are within the relevant time frame and

6

support the limitations set forth in the RFC.

Further, Dr. Kelly's February 26, 2006 assessment is not consistent with the other medical evidence of record. For instance, Drs. Becker and Kahwash both noted essentially normal findings on physical examination (Tr. 195-196, 251).

Finally, Dr. Kelly's opinion of dire physical limitation is undercut by Plaintiff's own reports of his daily activities, which include caring for his dog, visiting friends and family, and doing light housework without assistance (Tr. 29, 95-96, 102-104).

The Court having reviewed the record finds that the record provides adequate basis upon which the ALJ rejected the opinion of Dr. Kelly.

Plaintiff's second claim of error is that the ALJ did not properly evaluate the assessment of consultative examiner, Dr. David Roebker.

Although a consultative examiner's opinion is not entitled to controlling weight, it is to be considered and weighed along with the medical evidence of record.

In this case, the ALJ did not afford substantial weight to the assessment of Dr. Roebker in which he found that Plaintiff was physically precluded from performing any work activity (Tr. 308-315). Similarly, the ALJ declined to adopt Dr. Roebker's opinion of disabling psychological impairment, finding it to be

7

inconsistent with the opinions of two other examining psychologists (Tr. 28). The ALJ specifically noted that Dr. Roebker offered no additional documentation, either through testing or clinical exam, which would call into question the validity of those other assessments.

The Court finds no error in this regard as substantial evidence supports the ALJ's evaluation of Dr. Roebker's opinion.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 20 day of February, 2009.

_____
Henry R. Wilhoit, Jr., Senior Judge